**No. 45514.**—Protest 749318–G of Spector Co. (San Francisco.)

CLINE, Judge: This is a suit against the United States in which the plaintiff seeks to recover additional duty assessed at the rate of 10 percent ad valorem under the provisions of section 304 (b), Tariff Act of 1930, on the ground that the merchandise was not legally marked when imported. The particular claim as to the marking duty was added to the protest by amendment.

The protest contains other claims relating to the assessment of the regular duty under paragraph 802, Tariff Act of 1930, the internal revenue tax under section 1, 6, or 7 of the Liquor Taxing Act of 1934, and countervailing duty assessed on the merchandise, but no testimony was introduced in regard to these claims and counsel for the plaintiff waived the same in his brief. Accordingly, those claims are overruled.

The invoice, which describes the merchandise as "Southard's Islay Blend Finest Scotch Whisky," shows that the goods were shipped from London, England. The shipment was entered for warehouse on June 7, 1934.

The plaintiff offered the testimony of Mr. Sidney N. Spector, who is one of the owners of the importing firm. He testified that he did not see the merchandise when it was landed but when it was delivered to his company it consisted of whisky imported in barrels having the words "Scotch Whisky" stenciled thereon and it contained either the legend "Made in Scotland" or "Product of Scotland," the latter marking being the one required by the customs officers before the merchandise was released from customs custody.

The plaintiff contends that the words "Scotch Whisky" originally stenciled on the barrels are sufficient to indicate the country of origin of the goods and that, accordingly, the assessment of the additional duty was unjustified.

The shipment was entered for warehouse when the Customs Regulations of 1931 were in force. On May 14, 1935, article 509 of those regulations was amended by adding the following provision:

> The adjectival form of the name of a country is acceptable as a proper indication of the origin of imported merchandise provided the word does not appear with other words so as to refer to a kind or species of product, such terms as "English Walnuts", "Brazil nuts", etc., being unacceptable, and provided also that the marking at the time of importation meets the requirements of legibility, conspicuousness and permanency.

In *Durkee Famous Foods et al.* v. *United States*, Abstract 36609, and in *Welsh, Holme & Clark* v. *United States*, Abstract 36077, it was held that the markings "Spanish Paprika" and "Spanish Olive Oil" were legal markings under the regulation above quoted. In those cases testimony was introduced showing that the words in the marking did not refer to a kind or species of product. In the cases of *Arthur Schwartz Corporation* v. *United States*, Abstract 39463, and *Harry Solodow* v. *United States*, Abstract 44763, the markings on the goods were "Belgium Endives" and "Estonian Butter," respectively. The records contained no testimony showing that "Belgium Endives" and "Estonian Butter" did not refer to a kind or species of product and the plaintiff's claim that the merchandise was legally marked was overruled.

The plaintiff in this case failed to introduce testimony showing that the words "Scotch Whisky" do not refer to a kind or species of product, and, accordingly, the regulation above quoted does not apply. The defendant argues also that, since the merchandise was imported prior to the time the regulation was promulgated it is not applicable in this case.

Counsel for the plaintiff contends further, however, that the marking "Scotch Whisky" is sufficient to indicate the country of origin of the goods irrespective of the customs regulations above quoted. He quotes a definition of Scotch whisky made by the Internal Revenue Department under the authority to make regu-

lations for labeling spirits conferred by the Federal Alcohol Administration Act of August 29, 1935 (U. S. C. Sup. II, sec. 205 (e), page 290). This definition became effective after the importation of the goods herein involved, and, accordingly, has no bearing on the issue in this case. The plaintiff cites also a definition of "Scotch Whisky" given in a decision of The High Court of Justiciary in Edinburgh, Scotland, published in "Cases decided in the Court of Session, July 17, 1938, to July 22, 1939," but we are of opinion that the case is not applicable herein.

A definition of "Scotch Whisky" appears in Webster's New International Dictionary under the adjective "Scotch" as follows:

Scotch, a. * * * S-whisky. Whisky having a certain smoky flavor.

In the definition of whisky, the following appears:

* * * In Scotland and Ireland it is often made from malted barley, and when distilled in the old-fashioned pot stills from malt dried over open fires it has a smoky flavor. * * *

It would seem from this authority that the term "Scotch Whisky" refers to whisky produced from malted barley in such a manner that it has a smoky flavor and that the term does not refer to whisky produced in Scotland alone. Counsel for the defendant conceded in open court, however, that, at the time of the trial of this case (March 16, 1939), the marking "Scotch Whisky" was accepted by the customs officers as a legal marking, but, at the time of trial, section 304 (a), Tariff Act of 1930, herein under consideration had been amended in the Customs Administrative Act of 1938. The law and regulations under that act were not in force on June 7, 1934 when the goods herein involved were imported.

We hold that the plaintiff failed to overcome the presumption of correctness attaching to the collector's decision. The protest is overruled. Judgment will be entered in favor of the defendant.